UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

IN RE: David A. Duckett

                Debtor

Chapter 7
Case No. 11-51353

## APPLICATION TO QUASH GARNISHMENT

TO THE HONORABLE ROSS W. KRUMM, U.S. BANKRUPTCY JUDGE:

    Comes now our Applicant, by counsel, pursuant to Bankruptcy Code § 362(a) and respectfully represents:

1. That our Applicant has filed a petition for relief under Chapter 7 of Title 11 of the United States Code.

2. That our Applicant is subject to one garnishment issued within 90 days of the filing of the above-named petition, as more fully described below:

Court:

District Court of Maryland
For Garrett County
205 S. 3rd Street
Oakland, MD 21550

In Favor of:

Unifund CCR Partners
c/o Stephen Peroutka
Peroutka & Peroutka, PA
8028 Ritchie Highway Ste. 300
Pasadena, MD 21122

Case Number:        545-2005

Return date:

Applicant's Employer (Garnishee):

Trex Co., Inc.
Attn: Payroll Dept.
160 Exeter Drive
Winchester, VA 22603

    WHEREFORE, our Applicant prays that said garnishment be quashed and that such other and further relief be granted as the nature of this case may require.

Copies hereof are directed by mail to the debtor, attorney for creditor, debtor's employer and the Clerk of the above-referenced District Court.

Respectfully submitted,
David Duckett

By: *[signature]* Thomas W. Ashton
Thomas Ashton
Attorney for Applicant

Marilyn Ann Solomon
Attorney At Law
130 East Cork Street
Winchester, VA 22601
(540)678-0569

## CERTIFICATE OF MAILING

The undersigned certifies that the foregoing Application to Quash Garnishment was sent on this 22nd day of September, 2011, by First Class U.S. Mail, postage prepaid, to the following persons or entities:

District Court of Maryland
for Garrett County
205 S. 3rd Street
Oakland, MD 21550
    Court

Unifund CCR Partners
c/o Stephen Peroutka
Peroutka & Peroutka, PA
8028 Ritchie Highway Ste. 300
Pasadena, MD 21122
    Attorney for Creditor

Trex Co., Inc.
Attn: Payroll Dept.
160 Exeter Drive
Winchester, VA 22603
    Debtor's Employer

David Duckett
311 Emily Lane
Winchester, VA 22602
    Debtor

*[signature]*
Thomas Ashton

# PEROUTKA & PEROUTKA, P.A.
## ATTORNEYS AT LAW

Stephen G. Peroutka
Michael A. Peroutka

Scott T. Whiteman
(410) 768-2424

8028 Ritchie Highway
Suite 300
Pasadena, MD 21122

1-800-899-2424

Gregory M. Quinlan*
Collection Manager
Shawn P. Kennedy*
Collection Manager

*Not admitted to practice law
Fax (410) 553-9491

September 13, 2011

Trex Co Inc
s/o Payroll Dept
160 Exeter Dr
Winchester, VA  22603

RE: David A Duckett
SS#: 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
CASE #: 565-2005
OUR FILE #: 05-28252-0

Dear Garnishee:

The following is a break-down of the payment received from Trex Co Inc for the above captioned case on September 12, 2011:

Balance from last report:   $6,750.81
Total payment received:     $364.51
Additional Interest accrued since last payment: $16.20
Payment Allocation
    Interest:        $16.20-
    Principal:       $348.31-
    Attorney Fees:   $.00
    Court Costs:     $.00

Total Balance as of September 13, 2011
    Interest:        $.00
    Principal:       $5,027.43
    Attorney Fees:   $1,280.07
    Court Costs:     $95.00
    **TOTAL:**       **$6,402.50**

Please keep in mind that interest continues to accrue on this judgment at 10.000% which computes to $1.38 per day on the principal amount.

If you have any questions regarding this matter, please feel free to contact our office.

Very truly yours,

Peroutka and Peroutka, P.A.

555

This communication is from a debt collector.
The Attorneys in this firm are only licensed to practice in the State of Maryland.
This is an attempt to collect a debt and any information obtained will be used for that purpose.

**DISTRICT COURT OF MARYLAND FOR** GARRETT COUNTY
City/County

Located at 205 S 3rd St Oakland MD 21550    Case No. 565-2005
Court Address

Unifund CCR Partners
Name c/o Stephen G. Peroutka #1114    vs.    Name David A Duckett
Peroutka & Peroutka, P.A.    103 E St
Address 8028 Ritchie Highway S-300    Address Mountain Lk Pk Maryland 21550
Pasadena, MD 21122
Plaintiff/Judgment Creditor    Defendant/Judgment Debtor

XXX - XX - 9942
Social Security Number

SERVE ON:    Trex Co Inc    ☐ Serve by Sheriff/Constable
Employer/Garnishee Name
s/o Payroll Dept    ☐ Send by Restricted Delivery Mail
160 Exeter Dr
Address    ☒ Serve by Private Process
Winchester VA 22603

## REQUEST FOR GARNISHMENT ON WAGES (3-646) (WRGW)

PLEASE ISSUE A WRIT OF GARNISHMENT on the judgment in the above entitled case to be directed to the Employer/Garnishee named above. ☐ Judgment was by confession. Judgment was entered on November 21, 2005

THE AMOUNT NOW DUE on the judgment is as follows:

$ 9,588.73    Original amount of judgment (excluding costs and attorney's fees)

$ .00    Less total credits

$ 9,588.73    Net

$ 4,531.58    Plus post-judgment interest, on $ 9,588.73, at 10 %, for period
from November 21, 2005, to August 12, 2010
              Year                                    Year

$ 60.00    Plus court costs due, including this Writ.

$ _____    Plus additional post-judgment interest, on $ See Monthly Creditors Report, at ____ %,
for period from _____, _____ to _____, _____
                        Year                     Year

$ 1,280.07    Plus attorney's fee, if allowed by judgment.

$ 15,460.38    TOTAL DUE ON JUDGMENT

**GARNISHEE:** See reverse side for additional instructions.

Signature of Plaintiff or Attorney    Michael A. Peroutka
Stephen G. Peroutka #1114
Peroutka & Peroutka, P.A.    Print Name    Scott T. Whiteman
8028 Ritchie Hwy, Ste 300
Pasadena, MD 21122    Address    Sean P. Daly
800-899-2424
                                        Telephone

## WRIT OF GARNISHMENT ON WAGES (3-646)

TO THE GARNISHEE:    05-28252-0 This communication is from a debt collector.
YOU ARE HEREBY ORDERED to withhold the attachable wages of the Defendant/Debtor for any work week or other pay period until the judgment, interest, other charges and costs as specified under the terms of the judgment are satisfied or until otherwise notified by this court. In addition to the exemptions shown on the reverse side of this writ, other Federal and State exemptions may be available.

☐ YOU ARE HEREBY ORDERED to withhold any attachable wages and not to distribute the same, subject to the further order of this Court because the judgment is not yet final.

YOU ARE FURTHER ORDERED to send the amount withheld to the Plaintiff/Creditor or attorney for the Plaintiff/Creditor within fifteen (15) days after the close of the last pay period of the Defendant/Debtor each month. If you assert a defense or are notified that the Defendant has done so, you are to send the withheld wages to the Court.

YOU ARE FURTHER ORDERED, within thirty (30) days of the date this Writ is served on you, to complete the Answer on the reverse side of this Writ and to return one copy to the Court, one to the Plaintiff/Creditor and one to the Defendant/Debtor. You must state whether the Defendant/Debtor is employed by you, and if so employed, state the rate of pay, and whether there are any prior attachments against the wages which are or may become payable. If you do not file a timely answer, the Court, on motion of the Creditor, may order you to show cause why you should not be held in contempt and require you to pay reasonable attorney's fees and costs.

A copy of this Writ shall be given to the Defendant. The Defendant/Judgment Debtor may at any time contest the Garnishment by filing a motion asserting a defense or objection.

August 16, 2010    Kathleen M Stafford
Date    Judge/Clerk

DC/CV 65 (Rev. 4/2008)

## INSTRUCTIONS TO GARNISHEE

1. Commercial Law Article §§ 15-601 to 607 of the Annotated Code of Maryland and Rule 3-646 govern wage attachment procedures.
2. By written motion, both a Defendant/Debtor and an Employer/Garnishee may assert any defense to contest the attachment.
3. If your answer denies the fact of employment, the Court may dismiss the attachment unless the Plaintiff/Creditor files a request for a hearing within (15) days of the receipt of the answer.
4. If you do not file a timely answer, the Court may, upon motion of the Plaintiff/Creditor, issue an order directing you to show cause why you should not be held in contempt of court, and why you should not be required to pay reasonable attorney's fees and costs.
5. You must notify the employee each pay period of the amount withheld and the method used to determine the amount. This may be done by the use of pay stubs, pay slips, etc.
6. If there is more than one attachment, each one is to be satisfied in full, in the order in which they are served upon you.
7. This attachment remains a lien until the judgment is paid in full, or as long as the employee remains employed. Accruing interest may increase the amount of the judgment in the future, and it is also possible that additional costs accruing under the judgment may increase this total at a later date. It is also possible that payments made independently of this attachment may decrease the total balance due. Before ceasing to withhold any wages under this attachment, it is suggested that you communicate with the Plaintiff/Creditor or his attorney to ascertain that the judgment has been completely satisfied.
8. The attachment terminates ninety (90) days after cessation of employment, unless the Defendant/Debtor is reemployed during that ninety-day period.
9. The law provides that an employer may not discharge his employee because the employee's wage are subjected to attachment for any one indebtedness within a calendar year and that any employer who willfully violates this provision is guilty of a misdemeanor and on conviction, is subject to a fine not exceeding $1,000 or imprisonment not exceeding one year, or both.

## EXEMPTIONS FOR GARNISHMENT

THE FOLLOWING ARE EXEMPT FROM GARNISHMENT: (1) the greater of: (a) 75 percent of the disposable wages due; OR (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due; AND (2) any medical insurance payment deducted from an employer's wages by the employer. Other federal and state exemptions may be available.

Disposable wages are the part of wages that remain after deduction of any amount required to be withheld by law.

## ANSWER

**(TO BE FILED WITHIN 30 DAYS FROM RECEIPT OF THE WRIT OF GARNISHMENT ON WAGES.)**

The answer of the Garnishee to the Writ of Garnishment served in this case, reports as follows:

☐ The Defendant (specify name) _____ is not employed by this Garnishee and the Garnishee requests dismissal of the garnishment.

☑ The Defendant (specify name) _David A. Duckett_ is employed by this Garnishee, and the rate or basis of pay is _18.64/hour paid biweekly_

☐ The Garnishee asserts that _____

☐ There are other attachments against this employee's wages, as follows:

| Name and Address of Court | Case Number | Plaintiff's Name and Address | Date Attached | Amount of Attachment |
|---|---|---|---|---|
| | | | | |

_Aug. 25, 2011_    _M. Clifford Tatum_
Date    Signature of Garnishee or Attorney
    Address
    _540-542-6955_
    Telephone

To the Garnishee:
Send copies of completed Answer to the
☐ Plaintiff/Creditor
☑ Defendant/Debtor
☐ Court